**RECORD NO. 11-4075**

In The
# United States Court of Appeals
For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**JAMES CURTIS ALFORD, a/k/a Carwash,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AT FLORENCE**

**BRIEF OF APPELLANT**

**John Wesley Locklair, III**
**LOCKLAIR & LOCKLAIR, PC**
**2007 Lincoln Street**
**Columbia, South Carolina 29201**
**(803) 254-9007**

*Counsel for Appellant*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION ...........................................................................1

ISSUE PRESENTED FOR REVIEW ..................................................................2

STATEMENT OF THE CASE..............................................................................3

STATEMENT OF THE FACTS ...........................................................................4

SUMMARY OF THE ARGUMENT ....................................................................7

ARGUMENT ..........................................................................................................8

      STANDARD OF REVIEW ..........................................................................8

    I.    THE DEFENDANT'S GUILTY PLEA WAS VALID UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE ...............................................................................................8

CONCLUSION .....................................................................................................11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

Anders v. California,
    386 U.S. 738 (1967)..................................................................................3, 10, 11

United States v. Good,
    25 F.3d 218 (4th Cir. 1994) ...................................................................................8

United States v. Martinez,
    277 F.3d 517 (4th Cir. 2002) .................................................................................8

United States v. Olano,
    597 U.S. 725 (1993)...............................................................................................8

## **STATUTES**

21 U.S.C. § 841(a)(1).................................................................................... 1, 3, 4

21 U.S.C. § 841(b)(1)(A) ......................................................................................1

21 U.S.C. § 841(b)(1)(B) .................................................................................. 3, 4

21 U.S.C. § 846......................................................................................................1

28 U.S.C. § 1291 ...................................................................................................1

## **RULES**

Fed. R. Crim. P. 11.........................................................................................passim

Fed. R. Crim. P. 11(b)(2) .....................................................................................10

Fed. R. Crim. P. 11(b)(3) .....................................................................................10

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is an appeal from a final judgment of the United States District Court, District of South Carolina, for a criminal prosecution pursuant to 21 U.S.C. §§ 841(a)(1); 841(b)(1)(A) and 846.

Pursuant to a written plea agreement, Appellant entered a guilty plea on September 30, 2010. Appellant was sentenced on January 13, 2011. A Notice of Appeal was filed on January 19, 2011, and this appeal followed.

Jurisdiction in the Court of Appeals is authorized pursuant to 28 U.S.C. § 1291.

## **ISSUE PRESENTED FOR REVIEW**

I.       WHETHER APPELLANT'S PLEA WAS VALID UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

## **STATEMENT OF THE CASE**

The Appellant pled guilty to Count Two of a multi-count, multi-defendant indictment. Count Two charged Appellant with distribution of five grams or more of cocaine base, in violation of 21 United States Code Sections 841(a)(1) and 841(b)(1)(B). (Plea Transcript of September 30, 2010 (hereinafter referred to as "Plea"), pp. 51-52, ll. 23-25, 1-6). Appellant had sold 13.61 grams of crack cocaine to an undercover confidential informant on August 24, 2009. (Plea, p. 64, ll. 9-14).

As a result of a prior felony drug conviction, Appellant was facing a mandatory minimum of ten years in the Bureau of Prisons. (Plea, p. 54, l. 19). Appellant was sentenced to the mandatory minimum 120 months. (Sentencing Transcript of January 13, 2011 (hereinafter referred to as "Sentence"), p. 7, ll. 11-14).

The question for review by this Court is whether Appellant's plea was valid. Counsel has reviewed the record and applicable law and has found no legal error, thus, counsel files this brief in compliance with Anders v. California, 386 U.S. 738 (1967).

## STATEMENT OF THE FACTS

The Appellant pled guilty to Count Two of a multi-count, multi-defendant indictment. Count Two charged Appellant with distribution of five grams or more of cocaine base, in violation of 21 United States Code Sections 841(a)(1) and 841(b)(1)(B). (Plea Transcript of September 30, 2010 (hereinafter referred to as "Plea"), pp. 51-52, ll. 23-25, 1-6). Appellant had sold 13.61 grams of crack cocaine to an undercover confidential informant on August 24, 2009. (Plea, p. 64, ll. 9-14).

As a result of a prior felony drug conviction, Appellant was facing a mandatory minimum of ten years in the Bureau of Prisons. (Plea, p. 54, l. 19). Appellant was sentenced to the mandatory minimum 120 months. (Sentencing Transcript of January 13, 2011 (hereinafter referred to as "Sentence"), p. 7, ll. 11-14).

As to Appellants plea, the Court conducted the proper Rule 11 colloquy.

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, at the beginning of the Hearing, Appellant was placed under oath. (**Plea, 8, ll. 19-21**). During the Hearing, the Government summarized the terms and conditions of Appellant's Plea Agreement, and the Court then advised of the elements for each offense (**Plea, p. 52, ll. 7-52**), as well as the maximum and minimum punishments,

4

including the mandatory minimum sentence of ten (10) years' incarceration. (Plea, p. 54, l. 19).

As a part of the Plea colloquy, the Court confirmed that Appellant:

- Had not been treated for mental illness or addiction to narcotics (Plea, p. 12, ll. 4-6));

- Was not under the influence of drugs or alcohol at the time of the plea (Plea, p. 12, ll. 7-21);

- Had the opportunity to discuss the case with his lawyer, and to tell counsel about his side of the case, and about any and all witnesses or documents (Plea, p. 24, ll. 15-20);

- Was satisfied with his counsel, with counsel having done everything he had asked of him (**Plea, pp. 23-24, ll. 24-25, 1-4**);

- Was not promised anything outside of the Plea Agreement and was not threatened, forced, or coerced into signing the Plea Agreement (Plea, pp. 45-46, ll. 25, 1-11); and

- Had the opportunity to have his plea agreement explained to him and to discuss with his attorney. (Plea, p. 61, ll. 1-21);

The Court made further inquiry under Rule 11 of the Federal Rules of Criminal Procedure, advising Appellant of, and determining that he understood:

- His right to plead not guilty and to proceed to a jury trial (**Plea, p. 40, ll. 4-13**);

- His right to counsel (**Plea, p. 40, ll. 4-13**);

- His right to confront and cross examine the witnesses, to remain silent, to testify and present evidence, and to compel the attendance of witnesses (**Plea, p. 41-42, ll. 17-25, 1**);

5

- His waiver of those trial rights by pleading guilty (**Plea, pp. 43-44, ll. 18-25, 1-2**);

- and

- The Court's obligation to calculate the applicable sentencing guideline range and to consider that range in imposing a sentence (**Plea, p. 31, ll. 1-9**).

The Government then summarized the conduct which provides the factual basis for the plea. (Plea, p. 64, ll. 9-14) Appellant admitted to the factual basis for the plea along with his involvement therein. (**Plea, p. 66, ll. 9-10**). The Court then made a finding that Appellant was competent to enter his guilty plea, that he was aware of the nature of the charges and the consequences, and that it was a knowing and voluntary plea supported by an independent factual basis containing each element of the charged offense. (**Plea, p. 67, ll. 19-25**).

## SUMMARY OF THE ARGUMENT

**ARGUMENT I**:   Was Appellant's plea valid under Rule 11 of the Federal Rules of Criminal Procedure?

## ARGUMENT

## STANDARD OF REVIEW

The standard of review as to whether the district court adequately complied with Rule 11 of the Federal Rules of Criminal Procedure is *de novo*. United States v. Good, 25 F.3d 218, 219 (4th Cir. 1994). A variance from the requirements of Rule 11 is harmless error unless it affects the defendant's substantial rights. Rule 11, F.R.Crim.P. If the defendant did not move to withdraw his guilty plea, his appeal is reviewed for plain error: he must show that (1) there was error; (2) that the error was plain; and (3) that it affected his substantial rights. United States v. Martinez, 277 F.3d 517 (4th Cir. 2002); United States v. Olano, 597 U.S. 725, 732 (1993). Appellant never moved to withdraw his plea, and as such, his plea should be reviewed for plain error under Martinez and Olano.

    **I.    THE DEFENDANT'S GUILTY PLEA WAS VALID UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.**

Rule 11 of the Federal Rules of Criminal Procedure requires that, before accepting a plea of guilty, the court must place a defendant under oath, and must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:

8

A. the government's right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the defendant gives under oath;

B. the right to plead not guilty, or having already pleaded, to persist in that plea;

C. the right to a jury trial;

D. the right to be represented by counsel and, if necessary, have the court appoint counsel at trial and at every other stage of the proceeding;

E. the right at trial to confront and cross examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

F. the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

G. the nature of each charge to which the defendant is pleading;

H. any maximum possible penalty, including imprisonment, fine, and terms of supervised release;

I. any mandatory minimum penalty;

J. any applicable forfeiture;

K. the court's authority to order restitution;

L. the court's obligation to impose a special assessment; the court's obligation to apply the Sentencing Guidelines, and the court's discretion to depart from those guidelines under some circumstances; and

M. the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

9

Rules 11(b)(2) and (3) further requires the court to determine that the plea is voluntary and not the result of force, threats, or promises other than those in a plea agreement; that there is a factual basis for the plea; and that the terms of any plea agreement are disclosed on the record.

The transcripts of Appellant's guilty plea, as described in the Statement of Facts above, show that the district court complied with Rule 11. The court placed the defendant under oath, advised him of his rights and obtained his waiver on the record. The court further established that the defendant understood the nature of the charges against him and the possible penalties. The requirements of Rule 11 of the Federal Rules of Criminal Procedure were satisfied by the Court during the Sentencing Hearing, and confirmed in writing as a part of the Plea Agreement. Therefore, this issue is submitted under <u>Anders</u>, above.

## **CONCLUSION**

In accordance with the requirements of the United States Supreme Court in <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel for Appellant has reviewed the facts and legal issues of this case and are of the opinion that there are no legal issues that were not properly raised or disposed of by the trial court and that there are no grounds for an appeal in this case. A copy of this brief has been served on Mr. Alford via U.S. Mail, and he has been advised of his rights to make a *pro se* submission to the Court of Appeals.

                                      Respectfully submitted,

                                      <u>/s/ John Wesley Locklair, III</u>
                                      John Wesley Locklair, III
                                      Attorney for Appellant
                                      Federal ID No. 7163
                                      2007 Lincoln Street
                                      Columbia, South Carolina  29201
                                      (803) 254-9007

May 23, 2010
Columbia, South Carolina

11

# **CERTIFICATE OF COMPLIANCE**

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*1,611*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: May 23, 2011                              /s/ John Wesley Locklair, III
                                                 *Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 23rd day of May, 2011, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Alfred W. Walker Bethea, Jr.
> OFFICE OF THE U.S. ATTORNEY
> Post Office Box 1567
> Florence, South Carolina  29501
> (843) 665-6688
>
> *Counsel for Appellee*

I further certify that on this 23rd day of May, 2011, I caused the required number of bound copies of the Brief of Appellant to be hand-filed with the Clerk of the Court, and copy of the same to be served, via U.S. Mail, postage prepaid, to the Appellant at the below address.

> James Alford, #26800-257
> FCI Victorvillle Medium I
> Federal Correctional Institution
> Post Office Box 5300
> Adelanto, California  92301
>
> *Appellant*

/s/ John Wesley Locklair, III
*Counsel for Appellant*